**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 23, 2016
Decided May 26, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 15-3102

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:14-CR-30208-DRH-1 |
| DAKOTA R. MOSS, <br> *Defendant-Appellant*. | David R. Herndon, <br> *Judge*. |

**O R D E R**

Dakota Moss and a friend stole a pickup truck, used it to ram the 10-foot tall gate outside a farm-supply store, smashed a window to gain access and, over the course of three separate burglaries of the same store that night, stole 39 firearms, candy, and soda. They were arrested the following day and confessed to conspiring to sell the stolen firearms either to protestors in Ferguson, Missouri, or to "other criminal elements" in Centralia, Illinois. Moss pleaded guilty to stealing firearms from a federal firearms licensee, 18 U.S.C. § 922(u), conspiring to interfere with commerce by violence against a person or property, 18 U.S.C. § 371, carrying a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A), and possessing a firearm as a felon, 18 U.S.C. § 922(g)(1). The district court sentenced him to 248 months' imprisonment, the bottom of the calculated guidelines range.

Moss's plea agreement includes a broad appeal waiver, but he still filed a notice of appeal. His appointed lawyer (who represented Moss below) has concluded that the case is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Moss opposes counsel's motion. *See* Cɪʀ. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses issues which an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects the lawyer discusses, plus the issue Moss raises in opposition. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Moss's attorney says that his client does not wish to challenge his guilty plea, and thus counsel appropriately forgoes any discussion of the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Although Moss now wishes to challenge his sentence as unreasonable, counsel properly concludes that this argument would be frivolous because the guilty plea is valid and thus, so is the appeal waiver, *see United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011), and counsel has not identified any exception that would apply here, *see United States v. Adkins*, 743 F.3d 176, 192–93 (7th Cir. 2014).

Finally, Moss tells us that he wishes to challenge counsel's performance as deficient; he vaguely asserts that his attorney failed to "explain everything about [the] case" and provide him with full access to discovery before he pleaded guilty. But we have emphasized that claims of ineffective assistance of counsel should be reserved for collateral review, so that a record may be developed in the district court. *See Vinyard v. United States*, 804 F.3d 1218, 1227 (7th Cir. 2015); *United States v. Flores*, 739 F.3d 337, 341–42 (7th Cir. 2014).

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.